Case: 5:16-cv-13213
Judge: O'Meara, John Corbett
MJ: Whalen, R. Steven
Filed: 09-01-2016 At 10:10 AM
CMP SLUYTER V WALMART STORES INC., ET AL (BG

Zachary Tyrel Sluyter,
Plaintiff in propria persona
1632 North Queensbury
Mesa, AZ 85201-2023
sluyterz@yahoo.com
(480)318-8449

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ZACHARY TYREL SLUYTER,<br><br>         Plaintiff,<br><br>    vs.<br><br>  1. WAL-MART STORES Inc.,<br><br>     et al.,<br><br>  2. DARRELL HENDERSON,<br><br>  3. JANE DOE CASHIER,<br><br>  4. SHIAWASSEE COUNTY<br><br>     SHERIFFS OFFICE, and<br><br>  5. THOMAS LEE TERRY,<br><br>     Defendants. | Case No.:<br><br>**PLAINTIFF'S CIVIL RIGHTS COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>**ORIGINAL COMPLAINT** |

## I. COMPLAINT

The Plaintiff Zachary Tyrel Sluyter alleges as follows:

## II. NATURE OF THE ACTION

1. This action is brought by Plaintiff Zachary Tyrel Sluyter, in propria persona, to seek redress for a violation of his IV Amendment rights to the United States Constitution. At all times relevant hereto the Defendants have acted under the authority and color of state law. The breached, written and unwritten, de facto policies, of Defendant Wal-Mart Stores Inc., including but not limited to; AP-09 et seq., are the proximate cause of this lawsuit. The Plaintiff was deprived of his purchased personal property, wrongly accused, detained and incarcerated, and slandered. The failures of certain policies led to the violation of the Fourth Amendment and are the proximate cause of this lawsuit. Ultimately the Defendants in this case have violated the civil rights of the Plaintiff. By depriving the Plaintiff of his purchased personal property, of which he has receipts, then incarcerating the Plaintiff for the failures of the Defendant's own policies, the Defendants have actually violated his civil rights. The Prosecution dropped the criminal complaint for lack of evidence, only when the Plaintiff was ready to face his accusers at trial. The Plaintiff seeks remedies in equity and at law. Plaintiff seeks Damages.

**III. JURISDICTION AND VENUE**

1. This Court has original jurisdiction over this action pursuant to:

28 U.S.C.§1332(a)(1)(c)(1); 42 U.S.C.§1983

2. Venue is proper under 28 U.S.C.§1391(b)(1)(2) . The Defendants are located within The State of Michigan. The Institution/City where the violation occurred: Wal-Mart, in Owosso, Michigan 48867.

**IV. PARTIES**

1. The Plaintiff is Zachary Tyrel Sluyter and is in propria persona for this case and resides in Arizona.

2. Defendant Wal-Mart Stores Inc., is being sued in this complaint, in its personal capacity while officiating in an official capacity, and is an American multinational retail corporation that operates a chain of hypermarkets, department stores and grocery stores. The location of the store where the civil rights violation happened is located 1621 E M 21, Owosso, Michigan, 48867. Their principle Headquarters are located at 702 South West 8th Street, Bentonville, Arkansas, 72716.

3. Defendant Darrell Henderson, is being sued in this complaint, in his individual capacity while acting under his official capacity, is a Loss Prevention

Officer employed by Defendant Wal-Mart at 1621 E M 21, Owosso, Michigan, 48867.

4.    Defendant Jane Doe Cashier, is being sued in this complaint, in her individual capacity while acting under an official capacity, is a Cashier employed by Defendant Wal-Mart at 1621 E M 21, Owosso, Michigan, 48867.

5.    Defendant Shiawassee County Sheriffs Office, is being sued in this complaint, in its official capacity, is located 201 E McArthur St, Corunna, Michigan, 48817, and also is the Government agency whose principal duties involve the charge and custody of the County Jail. Handling both criminal and non-criminal complaints, enforces traffic and water safety laws, as well as serves writs and other court papers.

6.    Defendant Thomas Lee Terry, is being sued in this complaint, in his official capacity, is a Deputy employed by Defendant Shiawassee County Sheriffs Office located at 201 E McArthur St, Corunna, Michigan 48817.

7.    At all times relevant to this complaint the Defendants in this case have acted under color of state law.

## V. COUNT I

-4-

1. The constitutional civil right that was violated, and deprived the Plaintiff by the Defendants Wal-mart Store Inc., Darrell Henderson, Jane Doe Cashier, Shiawassee County Sheriffs Office, and Thomas Lee Terry in this case, is the Fourth Amendment to the United States Constitution.

## VI. THESE ARE THE FACTS

1. On Monday April 4th, 2016, the Plaintiff was visiting the State of Michigan, and went to purchase some products at the Wal-Mart Store in Owosso, Shiawassee County, Michigan. After putting various items in the shopping cart the Plaintiff proceeded to the check out stands with cashiers. After the First Cashier scanned some items, there was a controversy over the price of a food processor, and the Plaintiff elected to verify the price and get the right priced item. After doing so, returned to the check out stands that had a different Cashier[1], Jane Doe Cashier, not the same Cashier as at the first, and when the Cashier did

---

[1] The Video Evidence from Wal-Mart's Loss Prevention confirms these facts.

-5-

what was thought to be the [2]scanning of the items, including, but not limited to; "BOB" (Bottom Of Basket check) and also "LISA" (Look InSide Always) policies of Wal-Mart.

2. However, the Cashier Defendant Jane Doe Cashier scanned only some items, then "Failed" to scan others. The Defendant Jane Doe Cashier then told the Plaintiff to scan his debit card. Plaintiff had accidently entered the wrong pin number for the bank account, then rescanned his debit card and entered the correct pin[3] and the transaction was completed. Then the Defendant Jane Doe Cashier told the Plaintiff "that's all" and to "have a nice day". The Plaintiff, unknowing that the Cashier Defendant Jane Doe Cashier had failed her duty of (BOB) and (LISA), unwittingly proceeded to the exit.

3. At the exit the Plaintiff was detained and escorted by the Defendant Darrell Henderson, a Loss Prevention Officer, who did apply Wal-Mart Stores Inc.'s policy "AP-09", but failed to treat the matter as a customer service incident as per

---

[2] Id.

[3] The Receipt evidence confirms these facts.

"AP-09", overreacting and abusing discretion by accusing the Plaintiff of being a thief, having the Plaintiff arrested. Defendant Darrell Henderson would not even listen to the validity of the Plaintiff's answer to such baseless accusations and charges that the Loss Prevention Officer Defendant Darrell Henderson was saying against the Plaintiff. The Plaintiff, when reviewing the receipt with the Defendant Darrell Henderson, said something to the effect of, "If the Cashier failed to scan something I will pay for the misunderstanding, I am not a thief I have money", and showed the Defendant Darrell Henderson the current bank balance from Plaintiff's phone app then the Defendant Darrell Henderson said, "No way, we're going to the loss prevention office to talk. You're past the point of sale". The Wal-Mart employees were then surrounding the Plaintiff by escort to the loss prevention offices detaining Plaintiff, until law enforcement arrived 45 minutes later, within the Wal-Mart store. Further, it is noteworthy that loss prevention was particularly aware of any items the cashier failed to scan, yet did not intervene and treat this as a

customer service issue as though this was a prepared occurrence by the Wal-Mart employees.

4.  When Defendant Shiawassee County Sherriff's Office and its duly authorized representative Defendant Deputy Thomas Lee Terry arrived approximately 45 minutes after Plaintiff was detained in loss prevention offices, the law enforcement representative received the accusation against the Plaintiff in bad faith even affixing his name as a witness of the alleged crime, without conducting a fair investigation at the Wal-Mart store as the [4]video evidence vindicates the Plaintiff.

5. All this while the policies and policy failures of the Defendants, in this case, are what led to the violation of civil rights, yet the Plaintiff was actually innocent of any wrong intention, and the Defendant Terry stood by indifferent that the defendant employees of Wal-Mart Stores Inc. had taken the Plaintiff's personal purchased property and the purchased property was being seized with neither warrant nor legal cause by the Wal-Mart policies with neither a refund returned either.

---

[4] Again, a reference to the video evidence.

6. The Defendant Wal-Mart Stores Inc. has custom and policy of violating civil rights. The Defendants knowingly participated in depriving Plaintiff of his purchased property and arrested the Plaintiff while the policies of Defendant Wal-Mart Stores Inc. were breached by its own employees and not the Plaintiff in this case. The indifference of the Defendants to the actual harm it has caused the Plaintiff is alarming in that if this happened to the Plaintiff, how many others are victimized by the breached policies, whether written or unwritten, by Wal-Mart Stores Inc. to give room for theft against patrons under color of state law by its own employees. The employees of Wal-Mart Stores Inc. only needs a baseless accusation against a customer to deprive, unlawfully, that customer of purchased items, conveniently removing the evidence by both the loss prevention employees of Wal-Mart Store Inc. in seemingly working with the local Law Enforcement[5], even though the receipt shows the very items purchased that conveniently have disappeared from the official police report

---

[5] The Police Report in this case from The State of Michigan's 66th Judicial District Case No.:16-ST0346.

in this case, submitted by Defendant Thomas Lee Terry, that have neither been returned nor refunded the Plaintiff, even after the dismissal of the criminal charges.

7.  The Plaintiff has made numerous attempts to resolve the matter informally with the Defendants in this case to no avail. The Defendants have made careful attention to conceal the Defendant Jane Doe Cashier's identity; however the receipt evidence should contain identifiers as to who worked the register for this transaction. The Plaintiff attempted to obtain his purchased items that were being unlawfully deprived by the Defendants in this case, by sending[6] in his uncle Matthew Kerwin and Step-Father William Mourar to speak to Loss Prevention Manager Mark Miller on Monday April 25, 2016 at the Wal-Mart store in this case. This was an attempt either for reimbursement refunds for the items, or the items proper to be returned, as they have been purchased but were seized unlawfully by the Wal-Mart employees. Loss Prevention Manager Mark Miller

---

[6] Plaintiff was told not to go to Wal-Mart because of the criminal allegation.

told the Plaintiffs Uncle that "due to store policies" he could "neither acknowledge nor confirm the matter". Loss Prevention Manager Mark Miller did not return or refund any items to the Plaintiff, or Plaintiff's representatives. Because of Defendant Wal-Mart Stores Inc.'s policies, Loss Prevention Manager Mark Miller pretended to not knowing anything but said call 1-800-WALMART (925 6272).

8. The Plaintiff had his Uncle call on May 4, 2016. The Wal-Mart Store Inc. representative urged the Plaintiffs Uncle to call Wal-Mart ethics 1 800 963 8442. The stress of the matter being as such, the Plaintiff had his Uncle call ethics anonymously in case# WMT-16-04-5337 PIN# 2332 also on May 4, 2016. The Wal-Mart ethics representative told the Uncle call back Friday May 6, 2016 with the case# and pin# and they would investigate. The only solution given by the hot line was to call Dianna Behnke the Market Manager at Midland Michigan 1 989 837 8385, who refused to help without breaching anonymity so the Uncle revealed himself to Market Manager Dianna Behnke.

9. Dianna Behnke promised to resolve this after she heard the situation and also would have loss

prevention call the Plaintiffs Uncle back to make arrangements to refund the money or release the property to resolve this. At the date of this writing no resolution has been reached, as neither Dianna Behnke nor any Loss Prevention Department have returned any calls since that conversation on May 6, 2016 until July 2016.

10. The Criminal Case was dismissed on May 16, 2016 for lack of evidence and the clear and convincing evidence that the Plaintiff was actually innocent.

11. On June 20, 2016 the Plaintiff tried corresponding with Wal-Mart CEO Mike Duke at Wal-Mart Corporate Headquarters to apprise him of these actions and the loss it has placed upon the Plaintiff asking for an informal resolution. At the date of this writing there has been no compensation, notwithstanding the Plaintiffs numerous attempts to informally resolve this matter.

12. Only a referral to call Wal-Mart's Risk Management Insurance company from Ali Kassim July 22, 2016, case# L6105689 to speak with Jeff Southerland at 1- 800-527-0566 ext.# 57868. On August 5th, 2016, Jeff Southerland claimed to have viewed the video evidence but drew erroneous

conclusions of an employee's responsibility with regard to scanning items at a check out station, in light of Wal-Mart's policies. Further, Ali Kassim did not refund any thing, or Loss Prevention Manager Mark Miller, as they claimed repeatedly they did for Wal-Mart.

13.   The Plaintiff lost his job in Arkansas for missed time due to his incarceration, and Court dates. Consequently the Plaintiff was forced to miss his Grandfather's funeral. Because of the situation, Plaintiff lost his livelihood, and had to move back with family in Arizona. There is a hardship when Plaintiff lost his medical insurance while being an insulin dependant diabetic, as a natural consequence of this case.

14.   The cause and effect of the actions of the Defendants in this case have had far reaching effects and placed the Plaintiff in actual danger[7], besides the emotional and mental stress in this case.

15.   The Plaintiff had to travel great distances near 2000 miles one way 4 times to attend court

---

[7] Plaintiff has since obtained medical insurance through Arizona's Department of Economic Security.

for the dismissed criminal case, besides having to move from Arkansas to Arizona.

16.   The Shiawassee County Jail demanded payment from the Plaintiff for being incarcerated, and an Attorney named Michael Ira Asen P.C. with a civil demand letter demanding money for a dismissed charge, yet all this would not have happened if the policies, whether written or unwritten, had not been breached. However, these policies need a reevaluation as these breaches can ruin a life. The reason this lawsuit is critical is because neither corporate conglomerates nor any government agency or citizen has the right to abuse and deprive another citizen of his secured rights by the United States Constitution and the Laws of The United States of America.

17.   The Plaintiff has no adequate remedy in equity or at law to redress the wrongs and harm suffered as set forth in this complaint, except for the relief sought in this civil complaint.

18.   The need for relief is critical because the rights at issue are paramount to the United States Constitution under the Fourth Amendment and the laws of the United States of America.

## VII. REQUEST FOR RELIEF

The Plaintiff seeks relief by remedies both in equity and at law.

**Injunctive Relief:**

**1.** That the Defendant Wal-Mart Stores Inc. enforces its own Policies by routine emphasis on employee training and accountability by implementing certain measures to prevent occurrences similar to the Plaintiffs experiences in this case.

**2.** Accountability for the Shiawassee County Sheriffs Office its policies of allowing the Deputy to claim to be a witness of a crime that wasn't witnessed and allowing the store to deprive the Plaintiff of his purchased personal property as happened in this case.

**Damages:**

**1. Compensatory:** The Plaintiff seeks redress for actual damages and compensation jointly in the amount of $1,500,000 U.S. Dollars for the financial loss, job loss, residence loss, medical insurance loss for a whole month while being insulin dependant with diabetes, emotional distress forced to miss his Grandfather's funeral, and had to move from Arkansas to Arizona to live with family having depleted all resources, compensation for the over 8000 miles of travel to and from court, and ultimately the

irreparable damage to the Plaintiff's character and reputation while his civil rights were actually violated in this case.

2. **Punitive**: The Plaintiff seeks Punitive Damages in the amount of $250,000 U.S. Dollars jointly for the indifference of the Defendants in both their actions and lack thereof imposing the consequences Plaintiff suffered in this case.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on this      day of          , 2016

By: _____  Pro se
    Zachary Tyrel
    Sluyter,
    in propria
    persona

Zachary Tyrel Sluyter,
in propria persona
3020 North 14th Street #117A
Phoenix, AZ 85014
sluyterz@yahoo.com
(480)318-8449

# **CERTIFICATE OF SERVICE**

I hereby certify that I sent the following Complaint and forms and copies via U.S. Mail on August 29th, 2016, to:

The Clerk of the U.S. District Court

For the Eastern District of Michigan

Federal Building and U.S. Courthouse

600 Church Street

Flint, MI 48502

Dated August 29, 2016                    By: _____ Pro Se

Zachary Tyrel Sluyter

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the provided by local rules of court. This form, approved by the Judicial Conference of the United State purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

Case: 5:16-cv-13213
Judge: O'Meara, John Corbett
MJ: Whalen, R. Steven
Filed: 09-01-2016 At 10:10 AM
CMP SLUYTER V WALMART STORES INC., ET AL (BG

## I. (a) PLAINTIFFS

Zachary Tyrel Sluyter

**DEFENDANTS**

Wal-I

**(b)** County of Residence of First Listed Plaintiff    Maricopa (Arizona)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Shiawassee (Michigan)
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Plaintiff in Pro Se
1632 North Queensbury
Mesa, AZ 85201-2023        (480)318-8449

Attorneys *(If Known)*

Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product        Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability    ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &        Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander        Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'        Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability    ☐ 368 Asbestos Personal | | | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine        Injury Product | | | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product        Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability    **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| of Veteran's Benefits | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending | Relations | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 190 Other Contract | Product Liability    ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal        Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury    ☐ 385 Property Damage | Leave Act | | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury -        Product Liability | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information |
| | Medical Malpractice | ☐ 791 Employee Retirement | | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights    **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | | or Defendant) | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/        Sentence | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations    ☐ 530 General | | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities    ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment    **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities    ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other    ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education    ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
The IV Amendment of the United States Constitution, 28 U.S.C. 1332(a)(1)(c)(1), 28 U.S.C. 1391(b)(1)(2)
Brief description of cause:
The Defendants have violated the Plaintiff's IV Amendment rights, unlawfully seizing purchased property and accusing of theft while innocent.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.    DEMAND $ 1,500,000.00    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE    Ward L. Clarkson    DOCKET NUMBER    16-ST0346

DATE
August 29, 2016

SIGNATURE OF ATTORNEY OF RECORD
*pro se*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**PURSUANT TO LOCAL RULE 83.11**

1.          Is this a case that has been previously dismissed?     ☐ Yes
                                                                                         ☒ No

     If yes, give the following information:

     Court: _____

     Case No.: _____

     Judge: _____

2.          Other than stated above, are there any pending or previously
         discontinued or dismissed companion cases in this or any other     ☒ Yes
         court, including state court? (Companion cases are matters in which     ☐ No
         it appears substantially similar evidence will be offered or the same
         or related parties are present and the cases arise out of the same
         transaction or occurrence.)

     If yes, give the following information:

     Court: State Of Michigan 66th Judicial District

     Case No.: 16-ST0346

     Judge: Ward L. Clarkson

**Notes :** The failure of store policies vindicated me and my 4th Amendment Rights were violated.



Packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved

# New Lawsuit Check List

**Instructions:** Put a check mark in the box next to each appropriate entry to be sure you have all the required documents.

☑ Two (2) completed **Civil Cover Sheets.**

☑ Enter the number of defendants named in your lawsuit in the blank below, add 2 and then enter the total in the blank.

___5___ + 2 = ___7___ Complaints. *(only printed extra)*
# of Defendants        Total

Received by Clerk _____ Addresses are complete: _____

Case: 5:16-cv-13213
Judge: O'Meara, John Corbett
MJ: Whalen, R. Steven
Filed: 09-01-2016 At 10:10 AM
CMP SLUYTER V WALMART STORES INC., ET AL (BG

☐ If any of your defendants are **government agencies:**
Provide two (2) extra copies of the **complaint** for the U.S. Attorney and the Attorney General.

| If Paying The Filing Fee: | If Asking That The Filing Fee Be Waived: |
|---|---|
| ☐ Current new civil action filing fee is attached.<br><br>Fees may be paid by check or money order made out to:<br><br>***Clerk, U.S. District Court***<br><br>Received by Clerk: _____ Receipt #:_____ | ☑ Two (2) completed **Application to Proceed in District Court without Prepaying Fees or Costs** forms.<br><br><br><br>Received by Clerk _____ |

**Select the Method of Service you will employ to notify your defendants:**

| Service via Summons by Self | Service by U.S. Marshal<br>(Only available if fee is waived) | Service via Waiver of Summons<br>(U.S. Government cannot be a defendant) |
|---|---|---|
| ☐ Two (2) completed **summonses** for each defendant including each defendant's name and address.<br><br>*no*<br><br>Received by Clerk: _____ | ☐ Two (2) completed **USM – 285 Forms** per defendant, if you are requesting the U.S. Marshal conduct service of your complaint.<br><br>☐ Two (2) completed **Request for Service by U.S. Marshal form.** *no*<br><br>Received by Clerk: _____ | ☐ You need not submit any forms regarding the Waiver of Summons to the Clerk.<br><br><u>Once your case has been filed, or the Application to Proceed without Prepaying Fees and Costs has been granted</u>, you will need:<br>• One (1) **Notice of a Lawsuit and Request to Waive Service of a Summons** form per defendant.<br>• Two (2) **Waiver of the Service of Summons** forms per defendant.<br><br>Send these forms along with your filed complaint and a self-addressed stamped envelope to each of your defendants. |

**Clerk's Office Use Only**

Note any deficiencies here: *no summons or 285 forms, not enough copies for all defts provided*

Rev. 4/13